## Sokoloff v. Weisberg et ux. and Goodman et al.

*Mortgages — Fire insurance policy — Rights of purchaser at sale under mortgage to proceeds of fire policies.*

Where the property has been damaged by fire and the mortgagee forecloses his mortgage and sells the property thereunder for a sum more than sufficient to pay the mortgage, the obligation is satisfied, and the purchaser at the sale takes the property in the damaged condition and is not entitled to policies of fire insurance assigned to the mortgagee; in such a case the proceeds of the fire insurance are payable to the former owner of the property who assigned the policies.

Motion for judgment *n. o. v.* C. P. No. 1, Phila. Co., June T., 1921, No. 2924.

*George J. Edwards, Jr.,* for plaintiff; *Wesley H. Caldwell,* for defendants.

SHOEMAKER, P. J., July 21, 1923.—The assignment of the fire policies to the mortgagees, Flaherty et al., was, *prima facie,* as collateral security for loans secured by the mortgage, and any payment made on account of a fire could not be applied to the payment of an obligation not then due. The position of a mortgagee, therefore, who has a fire insurance policy, and a loss occurs by fire when his mortgage is not due, is that he can have the insurance money impounded to meet the obligation when due, or have the buildings restored so as to make his security at least equal to what it was before the damage occurred. For a well-considered case, wherein many of the authorities upon which the above statement is based are cited, see the opinion of Swartz, P. J., in Farley *v.* Kelly, 24 Dist. R. 911.

In the case at bar there is no sufficient evidence that the insurance money was to be applied to the restoration of the buildings, and a trust for that purpose created. When, therefore, the mortgagees, Flaherty et al., sued out their mortgage and sold the property for a sum sufficient to pay the same, it was thereby satisfied, and as the sale was of the property in its damaged condition, no right to the insurance money passed to the purchaser, and it became the property of the owner who assigned it. He being the defendant in this proceeding, the money was liable to attachment in the hands of the garnishees.

The motion for judgment *n. o. v.* is refused, and exception granted to the garnishees.